UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ZACHARY ALFRED | CIVIL ACTION |
| VERSUS | NO. 08-4047 |
| SUPERIOR ENERGY SERVICES, INC., ET AL | SECTION: "B"(1) |

## ORDER AND REASONS

Before the Court is Defendants Superior Energy Services, Inc. and Superior Energy Services, LLC's (collectively "Superior") Motion for Summary Judgment on Seaman Status. (Rec. Doc. 27). Plaintiff states that he has made a general maritime negligence claim against Superior and suggests dismissal of any Jones Act Claims without prejudice. (Rec. Doc. 30 at 2). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment on Seaman Status (Rec. Doc. 27) is **GRANTED**.

## BACKGROUND

On or about July 6, 2008, Plaintiff was allegedly injured while working onboard the M/V SUPERIOR AMBITION, owned by Defendant Superior Energy Services, LLC. Plaintiff, while working as an employee of SMI Companies, was sandblasting and painting an offshore platform while suspended from a lift held by the M/V SUPERIOR AMBITION's crane. (Rec. Doc. 27-4 at 2).

1

Plaintiff fell approximately four feet to the deck of the M/V SUPERIOR AMBITION while attempting to climb over the lift's guardrail. (Rec. Doc. 27-4 at 2). The vessel was at sea at the time the incident occurred. Neither Plaintiff's original nor first supplemental and amending complaint explicitly alleges Jones Act claims; the complaint generally states that the case is "brought pursuant to the admiralty and general maritime law." (Rec. Doc. 1 at 2). The Superior defendants filed the present motion for summary judgment alleging that Plaintiff is not a Jones Act seaman and seeking to dismiss Plaintiff's Jones Act claims. (Rec. Doc. 27). Plaintiff states that he has made a general maritime negligence claim against Superior and suggests dismissal of any Jones Act Claims without prejudice. (Rec. Doc. 30 at 2).

**DISCUSSION**

**A. Summary Judgment Standard**

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322-323 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party, or "that the evidence favoring the nonmoving party is insufficient to enable a reasonable juror to

return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990)(citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The moving party bears the burden of showing there are no genuine issues of material fact.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *See also Lavespere*, 910 F.2d at 178. The burden shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**B. Seaman Status**

Plaintiff cannot recover for Jones Act negligence, maintenance, and cure if he is not a seaman. Seaman status is ordinarily left for the jury to decide. *Ellender v. Kiva Cons. & Engin'g, Inc.*, 909 F.2d 803, 805 (5th Cir. 1990). Summary judgment is appropriate, however, when "the facts establish [the

3

lack of seaman status] beyond a question as a matter of law," and no reasonable evidentiary basis exists to support a jury finding that the injured person is a seaman. *Id.* (*quoting Barrett v. Chevron USA, Inc.*, 781 F.2d 1074 (5th Cir. 1984).

"Seaman" is not defined in the Jones Act, but not every "maritime worker on a ship at sea. . . is automatically a member of the crew of the vessel within the meaning of the statutory terms." *Chandris, Inc. v. Latis*, 515 U.S. 347, 363 (1995). To qualify as a seaman, a party must show: (1) that the employee's duties contributed to the function of a navigable vessel; and (2) a connection to the vessel in navigation (or to an identifiable group of vessels) that was substantial in terms of both its duration and nature. *Id.* at 368. This test is meant to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea. *Id*.

Plaintiff was a painter and sandblaster who worked temporary land and sea based jobs. When the incident at issue occurred, Plaintiff was not employed by Superior Services, the ship's owner, but by SMI Companies. (Rec. Doc. 27-6 at 3). Plaintiff

states this was his first offshore job and that he has never worked as a seaman before. (Rec. Doc. 27-6 at 4, 6). Consequently, Plaintiff is not a seaman, but a worker with only a transitory or sporadic connection to the vessel. Plaintiff lacks the substantial connection to the vessel which is a condition precedent to recovery under the Jones Act. *Chandris*, 515 U.S. at 371. Therefore, Plaintiff's recovery is limited to that which is available pursuant to general maritime law. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment on Seaman Status (Rec. Doc. 27) is **GRANTED.**

New Orleans, Louisiana, this 19th day of June, 2009.

_____
UNITED STATES DISTRICT JUDGE