UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZACHERY ALFRED                          CIVIL ACTION

VERSUS                                  NO: 08-4047

SUPERIOR ENERGY SERVICES,               SECTION: B(1)
INC. AND SMI COMPANIES, INC.

ORDER AND REASONS

Before the Court is Defendant SMI Companies, Inc.'s ("SMI") Motion for Summary Judgment (Rec. Doc. No. 73), Plaintiff's opposition thereto (Rec. Doc. No. 74), and Defendant's Reply (Rec. Doc. No. 84). For the following reasons,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED.**

Plaintiff alleges that he sustained personal injuries on or about July 6, 2008, while working as a sandblaster/painter on or adjacent to the M/V SUPERIOR AMBITION. Rec. Doc. No. 73-1, at 2; Rec. Doc. No. 74, at 1. The vessel was owned and operated by Defendant Superior Energy Services, Inc. ("Superior"). *Id.* Plaintiff was an employee of SMI, which had been contracted to perform sandblasting and painting work on a platform adjacent to the vessel. Rec. Doc. No. 73-1, at 2, 4; Rec. Doc. No. 74, at 1. Plaintiff and other workers were transported from the deck of the M/V SUPERIOR AMBITION to the platform on which they were working and back by way of a spider basket. Rec. Doc. No. 73-1, at 2; Rec. Doc. No. 74, at 1. The basket was hoisted by a crane located on

the M/V SUPERIOR AMBITION, and the crane was operated by a Superior employee. *Id.* The vessel captain was also an employee of Superior. Rec. Doc. No. 74, at 1.

The door of the spider basket was bolted shut, which forced the workers to climb over the basket fence in order to enter and exit the basket. *Id.* at 2. Plaintiff alleges that at the time of the incident, the crane operator had lifted Plaintiff off of the platform with the spider basket and was setting the basket down on the deck of the vessel. Rec. Doc. No. 73-1, at 2-3; Rec. Doc. No. 74, at 2. Plaintiff claims that as he began to climb over the basket fence to exit, the crane operator gave slack in the line, which caused the basket to tilt and resulted in Plaintiff falling and sustaining injuries. Rec. Doc. No. 74, at 2. Plaintiff sued Superior for its crane operator's negligence in causing and/or contributing to Plaintiff's injuries and for its failure to furnish Plaintiff with a safe place to work. Rec. Doc. No. 74, at 2-3; *see also* Rec. Doc. No. 1, at 4. Plaintiff also sued SMI for its negligence in failing to provide Plaintiff with a safe place to work and failing to supervise "construction activities." Rec. Doc. No. 74, at 3; *see also* Rec. Doc. No. 1, at 4.

SMI does not dispute that Plaintiff is a covered employee under the Longshore and Harbor Workers' Compensation Act ("LHWCA") and acknowledges that Plaintiff has sought and is currently receiving benefits pursuant to that Act. Rec. Doc. No. 73-1, at 4.

However, SMI contends that under 33. U.S.C. § 905(a), the liability of an employer under the LHWCA is "exclusive and in place of all other liability of such employer to his employee;" therefore, any injury related tort claim brought by an employee is precluded. *Id.* at 5. SMI recognizes that a jurisprudential exception applies in cases where an intentional tort of an employer is alleged, but maintains that Plaintiff neither asserts an intentional tort claim, nor does the evidence support such a claim. *Id.* Accordingly, SMI claims that there is no basis upon which it can be held liable, and therefore summary judgment must be granted and SMI must be dismissed from this matter. *Id.* at 6.

Plaintiff contends that its claim against SMI for negligence is not based on an intentional tort theory, but rather arises under § 905(b) of the LHWCA, whereby "an employee may sue his employer 'qua vessel' if he was injured as a result of the vessel's negligence." Rec. Doc. No. 74, at 3. Plaintiff asserts that at the time of the accident, the negligence of his SMI supervisor, Michael Polk, occurred in his capacity as an agent of the vessel, rather than as a co-employee. *Id.* Specifically, Plaintiff claims that according to the vessel captain,

> [b]y allowing the SMI crew to place all of its equipment
> on the deck of the [M/V SUPERIOR AMBITION] and by not
> providing a [Superior] supervisor or other person on the
> deck of the vessel as agent...[Superior] constructively
> turned over that portion of the vessel to SMI, and
> Michael Polk was the SMI 'vessel agent' in charge.

*Id.* at 4. Plaintiff submits that there is inconclusive evidence

3

regarding whether the SMI supervisor committed negligence in his capacity as an agent of Superior or as a longshoreman, and therefore, summary judgment must be denied. *Id.* at 4-5.

**A.    Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.    § 905(b) is Inapplicable to Plaintiff's Claim against SMI**

4

Plaintiff's claim that SMI became an agent of Superior when Superior permitted the company to place its equipment on the vessel's deck and left it without a Superior supervisor or other designated agent, albeit novel, is contrary to traditional agency principles as well as established jurisprudence regarding § 905(b). Agency has been generally defined as "a fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act." *Arguello v. Conoco, Inc.*, 207 F.3d 803, 807 (5th Cir. 2000). The actions taken by Superior in allowing SMI to place its equipment on the vessel's deck and not providing a designated agent of Superior on that specific portion of the vessel can in no way be construed to constitute a manifestation of Superior's intent to have SMI act on its behalf and subject to its control, nor consent by SMI to do so. Therefore, no agency relationship exists between these two independent companies.

Accordingly, the cases cited by Plaintiff in support of his contention that the relevant determination is whether the allegedly negligent supervisor was acting in his longshoreman capacity or as an agent of the vessel are inapplicable to the situation at hand. These cases address the concept of an employer's "dual capacity," which occurs when an injured worker is employed directly by the owner of the vessel. *See Smith v. Eastern Seaboard Pile Driving,*

*Inc.*, 604 F.2d 789 (2d Cir. 1979); *Moore v. AEP MEMCO LLC*, 2008 WL 3851574 (E.D.La. 2008); *see also Levene v. Pintail Enterprises, Inc.*, 943 F.2d 528 (5th Cir. 1991).   It is within this situation where the pertinent issue regarding liability under § 905(b) becomes whether the vessel owner was acting in his capacity as an employer or on behalf of the vessel when the alleged negligence occurred.   *See Smith, supra; Levene, supra*.   As it is undisputed that Plaintiff was an employee of SMI, contracted to perform work on a vessel owned and operated by Superior, and neither SMI nor its supervisor can be considered an agent of the vessel, the "typical tripartite situation" is present here.   *See Taylor v. Bunge Corp.*, 845 F.2d 1323, 1328 (citing *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523, 530 (1983)).   As such, the relationship underlying the doctrine of "dual capacity" does not exist, and this line of cases clearly does not apply.

Moreover, even assuming that Superior effectively turned over control of the deck of the vessel to SMI, which SMI disputes, such action has not been held to render an independent employer an agent of the vessel.   Instead, such action is relevant in determining the vessel owner's liability under § 905(b) in regard to its duties as promulgated in *Scindia*[1].   *See Fontenot v. United States*, 89 F.3d 205 (5th Cir. 1996); *Pimental v. LTD Canadian Pacific Bul*, 965 F.2d

---

[1]In *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981), the United States Supreme Court set forth the scope of a vessel's duty under § 905(b).

6

13 (5th Cir. 1994).

Accordingly, there is no additional basis upon which SMI can be held liable; therefore, its Motion for Summary Judgment is hereby **GRANTED**.

New Orleans, Louisiana this 15th day of December, 2010.

_____

United States District Judge